UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA SMITH ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| LTD FINANCIAL SERVICES, L.P. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Brenda Smith by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I.   **INTRODUCTORY STATEMENT**

1.   Plaintiff, Brenda Smith (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Brenda Smith is an adult natural person residing at 5132 Dugdale Rd., Jacksonville, FL 32099. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, LTD Financial Services, L.P., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Florida with its principal place of business located at 7322 Southwest Fwy., Ste. 1600, Houston Texas and a registered office located at 2704 Commerce Drive, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7. On or about February 19, 2010, Plaintiff received a call from Defendant in regards to a debt allegedly owed on a Sears's credit card for approximately $747.00.

8. At that time, Plaintiff informed the Defendant that she had retained the services of the law firm of Persels & Associates, LLC to help her settle her unsecured debt.

9. Defendant told the Plaintiff that they would not work with Persels & Associates because they were a third (3rd) party.

10. On or about that same day, February 19, 2010, Persels & Associates sent a "cease and desist" letter to the Defendant reiterating that they were representing the Plaintiff in the settling her debt and for any further contact to go directly through their firm.

11. On or about February 20, 2010, Plaintiff's son received two calls from Defendant looking for the whereabouts of his mother.

12. The first call to Plaintiff's son on February 20, 2010, came in at approximately 7:30 AM EST.

13. During that call, Plaintiff's son was made aware that the call was in regards to his mother's outstanding debt.

14. Defendant is in possession of the proper contact phone number and address of the Plaintiff and Defendant had already made contact with Plaintiff prior to this call, therefore there would have been no legitimate reason to contact Plaintiff's son.

15. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§ 1692b(2):   Contact of Third Party: Stated that the consumer owes any debt

| | |
|---|---|
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692b(6): | Contact of Third Party: After knowing the consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692c(a)(a): | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer, before 8:00 am |
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, I.C. Systems, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

**Date: March 3, 2010**   BY: /s/Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff